JEFFREY L. CLEMENS
5210 W. Waterberry Drive
Huron, OH  44839
TEL: 419-433-4438
Shorehaven222@gmail.com

FILED
IN CLERKS OFFICE
2020 OCT -5  PM 12: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEFFREY L. CLEMENS, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF STATEMENT** |
| | ) | **THAT HIS CLAIMS HAVE** |
| v. | ) | **MERIT** |
| | ) | |
| STEPHEN C. PFAFF, PATRICIA | ) | |
| VINCHESI, JERRY LAVERONI, LEE | ) | |
| PHILLIPS, and RALPH SOZIO, | ) | |
| | ) | |
| Defendants. | ) | Saylor Injunction |
| | ) | |

Malicious prosecution claims, in Massachusetts as in most states, require that four [4] elements be met.  These elements are indeed pled and arguably met in the subject complaint.

In simplest terms, did a criminal prosecution commence or was otherwise promoted if not perpetuated by certain and knowable parties [1], without probable cause [2], for a purpose other than justice [3], and ended in a disposition favorable to the plaintiff [4]? The answer is yes.

1

The defendants, each in their own special or peculiar way, with varying degrees of participation and influence, did indeed **commence a criminal prosecution** [doing so with clear, notable if not subtle and verifiable premeditation with aid of a cooperating prosecutor with deep conflicts of interest], **without cause** [the subject email was protected Free Speech calling out misconduct and took nefarious and deliberate conduct i.e. the making of false and misleading statements by AUSA David Tobin at a grand jury session in order to secure a true bill], **with malice** i.e. for a purpose other than justice [help certain police entities avoid civil liability; help plaintiff's former adversaries Creative Artists, MGM and Dickran Tevrizian avoid civil liability and disgrace], and that ended with a disposition **favorable** to the plaintiff [a verdict set aside].

It should be noted, and could be surely argued, that the July 2016 Saylor injunction sought by Defendant Pfaff, as broad and over-reaching as it is, does *not* apply to claims and actions arising independently and separately out of events occurring in 2010 – a federal prosecution – but intended for claims and actions arising from plaintiff's arrest in 2005 and subsequent *state* prosecution, ironically, none of whose prosecutions ended with lasting convictions

2

thereby lending credence to the entire body of plaintiff's

past litigation but for which has erroneously been deemed

"frivolous" and "abusive" with the court often ignoring the

obvious.  For instance, when plaintiff filed his very first

case in 2007, on the eve of a statutory deadline, there had

yet to be a conviction i.e. Heck bar, coming only 18 months

later but then again, only lasting until July 2010 as the

MCOA did the right thing and set aside Stephen Pfaff's ill-

gotten September 2008 verdict.

   But the plaintiff will nonetheless oblige the court

and offer this statement albeit a short statement since it

has been his experience that this court does not care to

listen to or to otherwise regard Massachusetts common law

when presented by the plaintiff.  For instance, in his

requisite statement included with his previously filed and

as yet open 2018 case, the plaintiff, in bringing a Section

1983 claim against the Town of Scituate, clearly pointed

out Massachusetts case law that said municipalities can be

held liable where they have condoned or promoted a police

deception.  But where is that case now? That is the point.

   Respectfully submitted,

   Jeffrey L. Clemens   Dated this 2nd day of October 2020

3